UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ON COMMAND VIDEO CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>DIGITAL INFINITY, INC., et al.,<br><br>    Defendants. | Case No.: C 06-2110 JW (PVT)<br><br>**ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER** |

On November 7, 2006, the parties filed a [Proposed] Stipulated Protective Order.  Having reviewed the form of protective order submitted by the parties, the court finds it appropriate to issue this interim order.

IT IS HEREBY ORDERED that, no later than January 5, 2006, the parties shall file a revised form of protective order that makes the following changes:

1. Describes the information that may be designated as "Confidential -- Attorneys Eyes Only" as "extremely sensitive Confidential information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means";

2. Identifies all categories of people to whom "Confidential -- Attorneys Eyes Only" may be disclosed;[1]

3. Revises paragraph 9 to require written agreement of the designating party or order of the court before a party discloses information it believes has become public knowledge;

---

[1] As currently drafted, the order does not provide for disclosure to outside counsel or even the court.

ORDER, *page 1*

4. Revises paragraph 10 to require that any party who wishes to file a document containing information designated "Confidential" or "Confidential -- Attorneys Eyes Only" must submit the document to the court along with a request to seal pursuant to Civil Local Rule 79-5;[2]

5. Omits paragraph 12;[3]

6. Omits paragraph 14, or revises it to require written agreement of the designating party or order of the court before a party discloses information it believes is or has become public knowledge; and

7. Revises paragraph 20 to require further order of the court for any requested modification of the terms of the protective order.[4]

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated: *12/15/06*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] As currently drafted, the order only requires compliance with Local Rule 79-5 for documents containing information designated confidential by *another* party.

[3] Blanket protective orders are intended to facilitate application of the protections afforded under Federal Rules of Civil Procedure 26(c), which does not address the standards applicable to inadvertent production of privileged or work product information. Any inadvertent production of privileged or work product information will be handled in accordance with the standards developed by the courts for those situations. *See, e.g., Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 331-32 (N.D.Cal. 1985).

[4] The parties may use written agreements to resolve any disputes that arise under the protective order, but modification of the terms of the order itself may only be made by means of a court order or stipulated court order.