1   WILLIAM J. FRIMEL (Bar No. 160287)
    bill.frimel@dlapiper.com
2   CHRISTINE K. CORBETT (Bar No. 209128)
    christine.corbett@dlapiper.com
3   DLA PIPER US LLP
    2000 University Avenue
4   East Palo Alto, CA  94303-2248
    Tel: 650.833.2000
5   Fax: 650.833.2001

6   Attorneys for Plaintiff
    On Command Video Corporation

7   DANIEL J. BERGESON (Bar No. 105439)
    dbergeson@be-law.com
8   HWAY-LING HSU (Bar No. 196178)
    hhsu@be-law.com
9   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
10  San Jose, CA 95110-2712
    Tel: 408.291.6200
11  Fax: 408.297.6000

12  Attorneys for Defendants
    Digital Infinity, Inc., Robert J.
13  Prikazsky and Richard J. Leacock

14

15                     UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18  ON COMMAND VIDEO CORPORATION,        Case No.:  C-06-02110 JW (PVT)
    a Delaware corporation,
19                                        [PROPOSED] STIPULATED
              Plaintiff,                   PROTECTIVE ORDER
20
         vs.
21
    DIGITAL INFINITY, INC., a California
22  corporation, ROBERT J. PRIKAZSKY, and
    RICHARD J. LEACOCK
23
              Defendants.
24
    AND RELATED COUNTERCLAIM.
25

26      Plaintiff On Command Video Corporation ("On Command") and Defendants Digital

27  Infinity, Inc. ("Digital Infinity"), Robert J. Prikazsky and Richard J. Leacock (collectively,

28  "Defendants"), by and through their respective undersigned counsel, hereby stipulate and agree to
                                          -1-

the following protective order:

**1.    Scope Of Protection.**

      1.1    This Protective Order shall govern any information, document or thing designated pursuant to paragraph 2 of this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials and things, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

      1.2    This Protective Order shall also govern any designated information, document or thing pursuant to required disclosures under any federal procedural rule, Northern District of California local rule, and any supplementary disclosures thereto.

      1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

**2.    Designation.**

      2.1    Each party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing produced by it which contains, reflects, or otherwise discloses confidential technical, business or financial information.  This designation shall be made by stamping or otherwise labeling each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 12.

      2.2    Each party shall have the right to designate as "Attorneys' Eyes Only," restricted to review by counsel only and subject to this Protective Order, any extremely sensitive Confidential information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.  This designation shall be made by stamping or otherwise labeling each page or thing containing Attorneys' Eyes Only information with the legend ATTORNEYS' EYES ONLY (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 12.

-2-

2.3     The parties will use reasonable care to avoid designating any information, documents or things Confidential that are generally available to the public.  The parties will also use reasonable care to avoid designating any information, documents or things "Confidential" or "Attorneys' Eyes Only" for which the designating party does not have a good faith belief that the information, documents or things satisfy the criteria set forth in this paragraph 2.  To the extent that material is marked Confidential or Attorneys' Eyes Only (collectively "Designated Information"), such material shall be revealed to or used only by qualified persons as provided for in paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order.  Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed Confidential or Attorneys' Eyes Only and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

**3.     Limit On Use And Disclosure Of Designated Information.**

3.1     All recipients of Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall use any Designated Information governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court.  No party or other person shall disclose or release to any person not authorized under this Protective Order any Designated Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2     Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated Attorneys' Eyes Only information received by the party – provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party.

3.3     The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (a) used only for the

-3-

1    purposes specified herein and (b) disclosed only to authorized persons.

2          **4.     Disclosure Of Designated Information.**

3                4.1     Information, documents or things designated Confidential shall be

4    disclosed by the recipient thereof only to:

5                            a.     the outside attorneys of record for the parties, and their authorized

6    secretarial, clerical and legal assistant staff;.

7                            b.     officers, directors, members and/or employees of parties to this

8    action;

9                            c.     Gary Arnold of Arnold, Bleuel, LaRochelle, Mathews & Zirbel

10   LLP (or any attorney at Arnold, Bleuel, LaRochelle, Mathews & Zirbel that performs in-house

11   counsel functions on behalf of Digital Infinity);

12                           d.     consultants or experts and their staffs retained by the parties or their

13   attorneys for purposes of this action, subject to the procedures of paragraph 5, who are not

14   employees or otherwise affiliated with any of the parties, and who first agree to be bound by the

15   terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as

16   Exhibit A hereto,

17                           e.     the Court, Court personnel and court reporters; and

18                           f.     outside copying and computer services necessary for document

19   handling, and other litigation support personnel (e.g., graphic designers and animators).

20               4.2     Information, documents or things designated Attorneys' Eyes Only shall be

21   disclosed by the recipient thereof only to:

22                           a.     the outside attorneys of record for the parties, and their authorized

23   secretarial, clerical and legal assistant staff;

24                           b.     in-house counsel on behalf of On Command and Gary Arnold of

25   Arnold, Bleuel, LaRochelle, Mathews & Zirbel LLP on behalf of Digital Infinity (or any attorney

26   at Arnold, Bleuel, LaRochelle, Mathews & Zirbel that performs in-house counsel functions on

27   behalf of Digital Infinity) so long as these individuals have no involvement in competitive

28   decision making relating to the producing party and to whom disclosure is reasonably necessary

-4-

1   for this litigation;

2       c.  consultants or experts and their staffs retained by the parties or their

3   attorneys for purposes of this action, subject to the procedures of paragraph 5, who are not

4   employees or otherwise affiliated with any of the parties, and who first agree to be bound by the

5   terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as

6   Exhibit A hereto;

7       d.  the Court, Court personnel and court reporters; and

8       e.  outside copying and computer services necessary for document

9   handling, and other litigation support personnel (e.g., graphic designers and animators).

10     **5.**  **Identification Of Experts.**

11       5.1  If any party desires to disclose information designated Confidential or

12   Attorney's Eyes Only to any expert or consultant pursuant to paragraph 4 above, it must first

13   identify in writing to the attorneys for the producing party each such expert or consultant. Such

14   identification shall include the full name and professional address and/or affiliation of the

15   proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or

16   consultant's consulting relationships in the last five years, a list of the cases in which the expert or

17   consultant has testified at a deposition or at trial within the last four years and all prior and/or

18   present relationships between the expert or consultant and the parties in this case. No disclosure

19   of Designated Information shall be made to persons in paragraph 4.1(c) unless such person has

20   executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto)

21   acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such

22   Confidentiality Undertakings shall be promptly served on the producing party. Separate

23   Confidentiality Undertaking shall not be required for staff members working under the

24   supervision of an individual signing a Confidentiality Undertaking.

25       5.2  The attorney for the producing party shall have five (5) business days from

26   receipt of such notice to object to disclosure of such information to any of the experts or

27   consultants so identified. Objections shall not be made except where the objecting party has a

28   good faith belief that it may be harmed by the disclosure of the party's information. Any

DLA PIPER US LLP EM\7210419.4
562559-3

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO C06-02110 JW (PVT)

objection made to an opposing party shall state in detail the basis for the objection.

   5.3  The parties shall attempt to resolve any objections informally within five (5) business days from the date of the mailing of notice of objection.  If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10) business days from the date of the meet-and-confer conference or within fifteen (15) business days from the date of the mailing of the notice of objection.  If any such motion is made, the objecting party shall bear the burden of proof.  If no such motion is made within these time periods, the consultant or expert shall be permitted to receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective Order.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

  **6.**  **Related Documents.**

   Information, documents or things designated Confidential or Attorneys' Eyes Only may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 7.

  **7.**  **Designation Of Hearing Transcripts And Deposition Transcripts And Exhibits.**

   7.1  Deposition transcripts, or portions thereof, may be designated as containing Confidential or Attorneys' Eyes Only information subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within ten (10) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record of the specific

-6-

EM\7210419.4
562559-3

pages and lines that contain Confidential or Attorneys' Eyes Only information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

7.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Attorneys' Eyes Only for a period of eleven (11) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4.2 during that period.  Any portions of such transcripts not designated within this time frame shall not thereafter be treated as Confidential or Attorneys' Eyes Only information, except by order of the Court.

7.3     Any party may mark any document or thing containing Confidential or Attorneys' Eyes Only information as an exhibit to a deposition, hearing or other proceeding, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

7.4     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates Confidential or Attorneys' Eyes Only and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4.

7.5     At any court hearing or proceeding no party is prevented by this Protective Order from moving the Court to close the hearing and designate all or portions of the transcript as Confidential or Attorneys' Eyes Only information.

**8.     Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated Confidential or Attorneys' Eyes Only to any current employee of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document or would have been expected to know the contents

-7-

1   of particular document based on his/her position.  Regardless of the designation pursuant to this

2   Protective Order, if a document or testimony makes reference to the actual or alleged conduct or

3   statements of a person who is a potential witness, counsel may discuss the subject matter of such

4   conduct or statements with such witness without revealing any portion of the contents of the

5   document or testimony, and such discussion shall not constitute disclosure in violation of this

6   Protective Order.

7        **9.      Confidentiality Of Party's Own Documents.**

8            Nothing herein shall affect the right of the designating party to disclose to its officers,

9   directors, employees, attorneys, consultants or experts, or to any other person, its own

10  information.  Such disclosure shall not waive the protections of this Protective Order and shall not

11  entitle other parties or their attorneys to disclose such information.  If a party believes that, as a

12  result of such disclosure, such information has become public knowledge and wishes to treat such

13  information as non-confidential, it must first obtain written agreement of the designating party or

14  an order of the Court.  Similarly, the Protective Order shall not preclude a party from showing its

15  own information to its officers, directors, employees, attorneys, consultants or experts, or to any

16  other person, which information has been filed under seal by the opposing party.

17       **10.     Designation Of Documents Under Seal.**

18           Any party that wishes to file any paper which reflects, contains or includes any

19  Confidential or Attorneys' Eyes Only information subject to this Protective Order shall submit the

20  document to the Court along with a request to seal pursuant to Civil Local Rules of the Northern

21  District of California, Civil Local Rule 79-5 or pursuant to the pertinent local rules where the

22  paper is being filed.

23       **11.     Challenge To Confidentiality.**

24           11.1   This Protective Order shall not preclude any party from seeking and

25  obtaining, on an appropriate showing, such additional protection with respect to the

26  confidentiality of documents or other discovery materials as that party may consider appropriate.

27  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not

28  entitled to the protections of this Protective Order, (b) applying to the Court for an order

-8-

1   permitting the disclosure or use of Designated Information otherwise prohibited by this Protective

2   Order, or (c) applying for a further order modifying this Protective Order in any respect.  No party

3   shall be obligated to challenge the propriety of any designation, and failure to do so shall not

4   preclude a subsequent challenge to the propriety of such designation.

5          11.2    If a party seeks de-designation of particular items the following procedure

6   shall be utilized:

7                  a.      The party seeking such de-designation shall give counsel of record

8   for the other party written notice thereof specifying the Designated Information as to which such

9   removal is sought and the reasons for the request; and

10                 b.      If, after conferring, the parties cannot reach agreement concerning

11  the matter, then the party requesting the de-designation of particular items may file and serve a

12  motion for a further order of this Court directing that the designation shall be so removed.  On

13  any such motion, the burden of proof shall lie with the designating party to establish that the

14  information is, in fact, properly designated as Confidential or Attorneys' Eyes Only information.

15  **12.    Inadvertent Failure To Designate.**

16         A producing party or nonparty that inadvertently fails to designate information,

17  documents or things pursuant to this Protective Order at the time of production may thereafter

18  make a designation pursuant to this Protective Order by serving notice thereof in writing,

19  accompanied by substitute copies of each item, appropriately designated, to the receiving party

20  within five (5) business days of discovery that the information, documents or things were not

21  properly designated.  The receiving party shall not be in violation of this Protective Order for

22  disclosures made prior to receipt of notification.  Those individuals who reviewed the

23  information, documents or things prior to the notice of misdesignation or failure to designate by

24  the producing party shall return to counsel for the producing party or destroy and certify

25  destruction of all copies of the misdesignated information, documents or things within ten (10)

26  business days after receipt of such notification.

27  **13.    Limitation Of Protective Order.**

28         This Protective Order is not intended to address discovery objections to produce, answer,

-9-

1    or respond on the grounds of attorney-client privilege or work product immunity, or to preclude

2    any party from seeking further relief or protective orders from the Court as may be appropriate

3    under the Federal Rules of Civil Procedure.

4    **14.    Other Proceedings.**

5    14.1    By entering this Protective Order and limiting the disclosure of information

6    in this case, the Court does not intend to preclude another court from finding that information

7    may be relevant and subject to disclosure in another case.  Any person or party subject to this

8    Protective Order who may be subject to a motion to disclose another party's Confidential or

9    Attorneys' Eyes Only information pursuant to this Protective Order shall promptly notify that

10   party of the motion and provide that party with a copy of the motion so that it may have an

11   opportunity to appear and be heard on whether such information should be disclosed.

12   14.2    Furthermore, any person or party subject to this Protective Order who is

13   subject to a subpoena to disclose another party's Confidential or Attorneys' Eyes Only

14   information shall promptly notify that party of the existence of the subpoena and provide that

15   party with a copy of the subpoena so that party may have an opportunity to appear and be heard

16   on whether such information should be disclosed.

17   **15.    Non-Party Material.**

18   The terms of this Protective Order are applicable to Confidential or Attorneys' Eyes Only

19   information provided by a non-party.  Information provided by a non-party in connection in this

20   action and designated Confidential or Attorneys' Eyes Only, pursuant to the terms of this

21   Protective Order shall be protected by the remedies and relief provided by this Protective Order.

22   **16.    Return Of Designated Information.**

23   Within sixty (60) calendar days after the final termination of this action by unappealable

24   judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an

25   attorney of record for the designating party, each party shall assemble and return, or certify

26   destruction of, all Designated Information and all other materials containing Designated

27   Information, including all copies, extracts and summaries thereof, to the party from whom the

28   designated material was obtained, except that any documents or copies which contain, constitute

-10-

or reflect attorney work product or attorney-client privilege communications may be retained by counsel, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order.

**17.    Waiver Or Termination Of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.

**18.    Modification Of Protective Order; Prior Agreements.**

This terms of this Protective Order may be modified by further order of the Court, upon the application of any person, or by stipulated court order.  This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**19.    Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

DLA PIPER US LLP     EM\7210419.4
562559-3

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO C06-02110 JW (PVT)

1

2   Dated: January 5, 2007          DLA PIPER US LLP

3

4                      By _____
                         WILLIAM J. FRIMEL
5                         CHRISTINE K. CORBETT

6                      Attorneys for Plaintiff
                      ON COMMAND VIDEO CORPORATION
7   Dated: January 5, 2007
                      BERGESON LLP
8

9                      By _____
                         HWAY-LING HSU
10

11                   Attorneys for Defendants
                      DIGITAL INFINITY, INC., ROBERT J.
                      PRIKAZSKY AND RICHARD J. LEACOCK
12

13

14   **IT IS SO ORDERED:**

15

16   Dated: January <u>17</u>, 2007

17                         PATRICIA V. TRUMBULL
                      UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP     EM\7210419.4
                562559-3

-1-     [PROPOSED] STIPULATED PROTECTIVE ORDER
                     CASE NO C06-02110 JW (PVT)

1

**EXHIBIT A**

2

ON COMMAND VIDEO CORPORATION, a Delaware corporation,

3

Case No.: C-06-02110 JW

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

4

Plaintiff,

5

vs.

6

DIGITAL INFINITY, INC., a California corporation, ROBERT J. PRIKAZSKY, and RICHARD J. LEACOCK

7

8

Defendants.

9

10

### CONFIDENTIALITY UNDERTAKING

11

I have read the Protective Order concerning the confidentiality of information in the above

12

captioned litigation.  I understand that the Protective Order is a Court order designed to preserve

13

the confidentiality of certain confidential information.  I also understand that the Protective Order

14

restricts the use, disclosure and retention of such confidential information and also requires the

15

safeguarding and return of documents and other materials containing confidential information.

16

I agree to comply with all provisions of the Protective Order described above with respect

17

to any information designated Confidential or Attorneys' Eyes Only that is furnished to me.  I

18

hereby consent to the personal jurisdiction of the United States District Court, Northern District

19

of California, for any proceedings involving the enforcement of that Protective Order.

20

EXECUTED this _____ day of _____, 2007

21

22

Name

23

24

Signature

25

26

Present Employer or Other Business Affiliation

27

Business Address

28

-2-

DLA PIPER US LLP

EM\7210419.4
562559-3

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO C06-02110 JW (PVT)